LAWRENCE J. HILTON (SBN 156524)
Email: lhilton@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone:  (949) 502-2870
Facsimile:  (949) 258-5081

Joseph D. Sibley IV (*Pro Hac Vice* forthcoming)
Email: sibley@camarasibley.com
**CAMARA & SIBLEY LLP**
1108 Lavaca St, Ste 110263
Austin, TX 78701
Telephone:  (713) 966-6789
Facsimile:  (713) 583-1131

Attorney for Plaintiff,
EXCEL TEST PREP.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXCEL TEST PREP., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SCOTTSDALE INSURANCE COMPANY, an Ohio corporation,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br>**(1) BREACH OF CONTRACT; AND**<br>**(2) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING AND BAD FAITH LIABILITY**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff Excel Test Prep. ("Excel" or "Plaintiff"), by and through its attorneys of record, complains of Defendant Scottsdale Insurance Company ("Scottsdale" or "Defendant"), as follows:

## JURISDICTION AND VENUE

1. This is an action arising under California state law for breach of contract and for breach of covenant of good faith and fair dealing and bad faith liability in an insurance policy.

2. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

3. This Court has personal jurisdiction over Defendant because Defendant consented to jurisdiction in California by the contract at issue herein. Defendant also agreed to perform the contract in California. Finally, Defendant is subject to general jurisdiction in California because it has systematic and continuing business in California.

4. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c), in that the claim arises in this judicial district, Defendant transacts business in this judicial district, the injury suffered by Plaintiff took place in this judicial district, and a substantial part of the events giving rise to the claim occurred in this judicial district. Defendant is subject to the general and specific personal jurisdiction of this Court because of its contacts with the State of California.

## DIVISIONAL ASSIGNMENT

5. Pursuant to Civil L.R. 3-2(c) and(d), assignment of this action to the Oakland Division is proper in that a substantial part of the events or omissions giving rise to the claims herein occurred in Alameda County, California.

/ / /

/ / /

/ / /

## **PARTIES**

6. Plaintiff is a California corporation with its principal place of business in Fremont, California. Plaintiff is a company who offers standardized test preparation services to the public.

7. Plaintiff is informed and believes, and upon such alleges, that Defendant is an Ohio corporation with its principal place of business at 18700 North Hayden Road, Suite 150, Scottsdale, AZ 85255.

## **FACTS**

8. Plaintiff and Defendant entered into a contract for insurance coverage. A true and correct copy of that contract, Policy EKS3243741 (the "Policy"), is attached hereto as Exhibit A. The Policy covers general business and management indemnity in Plaintiff's operations.

9. Under the Policy, there are two types of claims: "Employment Practices Claims," and "Third Party Claims." Under the defined terms in the Policy, the claims at issue here are "Employment Practices Claims" based on alleged "Wrongful Acts."

10. "Wrongful Acts" is defined under the Policy and specifically lists breach of an implied/express contract. A failure to reimburse business expenses is a breach of an actual/implied employment agreement under California law. Every employment agreement in California incorporates the non-waivable provisions of Cal. Lab. Code § 2802, which requires an employer to reimburse its employees for "necessary expenditures or losses incurred by the employee" while performing his or her job duties. Cal. Lab. Code § 2804 provides that an employee cannot waive this right to be reimbursed for or liable for the cost of doing business. Specifically, it provides that "[a]ny contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof, is null and void…." Cal. Lab. Code § 2804. Therefore, a "Wrongful Act" as defined by the

Policy includes an act that runs afoul of this express/implied employment provision for reimbursement that is created as a matter of California law.

11. There is a $1M limit for loss and $1M for costs and expenses. The retention, or deductible, is $15K. Under "Settlement and Defense," the policy provides as follows:

> The Insureds agree not to settle or offer to settle any Claim, incur any Costs, Charges and Expenses or otherwise assume any contractual obligation or admit any liability with respect to any Claim without the prior written consent of the Insurer, such consent not to be unreasonably withheld. The Insurer shall not be liable for any settlement, Costs, Charges and Expenses, assumed obligation or admission to which it has not consented. The Insureds shall promptly send to the Insurer all settlement demands or offers received by any Insured from the claimant(s).

12. The only limitations on the above come in the form of Endorsement 17, which limits "wage and hour claims" to an aggregate of $150,000, a retention (deductible) of $25,000, and a deletion of the Settlement Clause. There are no other exclusions or limitations on coverage of "Employment Practices Claims."

13. In 2019, an individual named Charlie Meas filed a class action lawsuit ("Meas Litigation") alleging unfair labor practices, which included allegations of failure to properly reimburse employees. A true and correct copy of the Complaint filed in that action is attached hereto as Exhibit B. Plaintiff demanded defense and indemnity from Defendant, which Defendant tendered subject to a reservation of rights, creating Claim Number 01891012 ("Claim").

14. Defendant did tender a defense but applied a deductible for a "wage and hour" claim under the Policy even though part of the Claim was not a wage and hour claim. *See* Exhibit A at Endorsement 17.

15. Ultimately, the Meas Litigation was settled for a total payment of $200,000.00 ("Meas Settlement"). A true and correct copy of the Settlement Agreement is attached hereto as Exhibit C. However, Defendant refused to contribute toward the settlement, contending that the "wage and hour claim" policy limit under Endorsement 17 was $150,000.00 and that the Policy was, therefore, maxed out.

16. While the Meas Litigation did involve wage and hour claims, it also involved non-wage and hour claims. The Complaint in the Meas Litigation alleges in paragraph 24 a failure to reimburse (which constitutes a breach of express/implied contract claim as described above) and realleges it throughout every cause of action. *See* Exh. B. The Settlement Agreement clearly recites that the payments are being made for claims involving failure to provide reimbursement, which are clearly not wage and hour claims. *See* Exh. C. Moreover, the evidence will show that the failure to provide reimbursement damages were the lion's share of the damages model and thus constituted the majority apportionment of the Meas Settlement payment.

17. The limitations of Endorsement 17 apply only to "the payment of wages." Wages are, by definition, not reimbursements. "Wages" in Endorsement 17 is not defined. And the accompanying examples stated under "including, but not limited to," do not purport to be a definition, but examples of the types of payments that might include wages.

18. As *S. Cal. Pizza Co., LLC v. Certain Underwriters at Lloyd's, London*, 40 Cal. App. 5th 140, 252 Cal. Rptr. 3d 635 (2019), makes clear, wages are not reimbursements. Therefore, regardless of the illustrative examples in Endorsement 17, the term that controls is "wages" and the ordinary meaning of wages does not include reimbursements. *See id.*

19. Nevertheless, at worst, Endorsement 17—giving effect to the illustrative language regarding "reimbursements"—creates a patent ambiguity as

"wages" and "reimbursements" are diametrically opposed terms. "If the terms of the policy are uncertain or ambiguous, they must be interpreted in the sense in which the insurer believed that the insured understood them at the time the policy was made. This rule, of course, protects the objectively reasonable expectations of the insured." *Maxconn Inc. v. Truck Ins. Exch.*, 74 Cal. App. 4th 1267, 1273, 88 Cal. Rptr. 2d 750, 753 (1999), as modified on denial of reh'g (Oct. 15, 1999).

20. Plaintiff's expectations were clearly that "wage and hour" exclusions and limitations would not apply to things such as reimbursements that, in their ordinary meaning, do not apply to reimbursements. California law construes ambiguities against the drafter, which in this case is Defendant. *See, e.g.*, *Graham v. Scissor-Tail, Inc.*, 28 Cal. 3d 807, 819 n.16, 171 Cal. Rptr. 604, 611, 623 P.2d 165, 172 (1981).

21. Therefore, the reimbursement claims and other non-wage claims in the underlying lawsuit should have been covered, with a $15K retention, with an aggregate of $2M, and with the right to settlement language in play. Because the Meas Litigation involved wage claims and non-wage claims that were interrelated, this would trigger the allocation language in the policy that applies for non-wage claims. As stated above, the non-wage claims were the lion's share of the Meas Settlement payment and thus would be in excess of $75,000.00.

22. Plaintiff has been damaged because Defendant (1) failed to allocate the non-wage claims under the policy as it applies to the difference between the $25K retention and the $15K retention; and (2) failed to make any contribution whatsoever to the Meas Settlement.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

23. Plaintiff incorporates by reference the allegations in paragraphs 1-22 above as though fully set forth herein.

24. California law applies to the Policy.

25. As discussed in detail above, Plaintiff can demonstrate that:

    (a) the Policy is a valid and enforceable contract;

    (b) Plaintiff fully performed under the Policy;

    (c) Defendant failed to perform under the Policy; and

    (d) Plaintiff was injured as described above; and

    (e) Plaintiff is therefore entitled to damages in the amount not paid toward the Meas Settlement, which exceeds $75,000.00.

## SECOND CAUSE OF ACTION

## (Breach of the Implied Covenant of Good Faith and Fair Dealing and Bad Faith Liability)

26. Plaintiff incorporates by reference the allegations in paragraphs 1-25 above as though fully set forth herein.

27. California law applies to the Policy. California imposes an implied covenant of good faith and fair dealing in an insurance contract. At all times relevant herein, Defendant had a duty to act fairly and in good faith with Plaintiff in meeting its responsibilities under the Policy. At all times relevant herein, Defendant knew, or in the exercise of good faith reasonably should have known, that it was obligated to provide Plaintiff with benefits under the Policy and that Plaintiff was legally entitled to recover such benefits under the Policy. Defendant is subject to bad faith liability because it withheld benefits due under the policy, and such withholding was unreasonable and/or without proper cause.

28. Defendant's bad faith breach of the implied covenant of good faith and fair dealing damaged Plaintiff as outlined above in the amount of unpaid policy benefits toward the Meas Settlement.

29. Plaintiff is also entitled to attorneys' fees as compensatory damages for the breach under *Brandt v. Superior Court*, 37 Cal. 3d 813, 817, 210 Cal. Rptr. 211, 213, 693 P.2d 796, 798 (1985).

30. Moreover, Plaintiff seeks punitive damages because Defendant's conduct was willful and without regard for the rights of Plaintiff.

## CONDITIONS PRECEDENT

31. All conditions precedent to the relief requested herein have occurred or have been waived. Further, Plaintiff and Defendant are parties to a tolling agreement making the effective filing date of this Complaint November 20, 2023.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1. For actual, compensatory, and consequential damages for Defendant's breach of contract in an amount to be proven at trial, but in excess of $75,000.00;
2. For attorneys' fees as compensatory damages as outlined above;
3. For punitive damages for Defendant's conduct;
4. For attorneys' fees and costs of suit herein;
5. For pre- and post-judgment interest; and
6. For any such other and further relief as the Court may deem just and appropriate.

Dated: January 2, 2025          **ONE LLP**

By: /s/ Lawence J. Hilton
    Lawrence J. Hilton
    Attorneys for Plaintiff,
    Excel Test Prep.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all claims and all issues properly triable thereby.

Dated: January 2, 2025         **ONE LLP**

By: /s/ Lawence J. Hilton
    Lawrence J. Hilton
    Attorneys for Plaintiff,
    Excel Test Prep.